IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 66, | } } } } | |
| Plaintiff | } } | |
| v. | } } | CIVIL ACTION NO. H-05-1617 |
| CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC (RELIANT ENERGY HL&P), | } } } } | |
| Defendant | } | |

**MEMORANDUM ON MOTION TO DISMISS**

Before the court is a motion to dismiss for failure to state a claim brought by the Defendant, Centerpoint Energy Houston Electric, LLC.  Doc. 5.

**I. BACKGROUND**

The Plaintiff, the International Brotherhood of Electrical Workers, Local Union No. 66 ("Local 66"), seeks to vacate an arbitration award in favor of the Defendant, Centerpoint Energy Houston Electric, LLC ("Centerpoint").  Doc. 1.  Local 66 attached a copy of the collective bargaining agreement that it negotiated with Centerpoint.  Doc. 1, Exh. 1 ("CBA").  The CBA contains several relevant provisions cited by the parties:

> "[W]hen two (2) or more men are working together without supervision of a responsible supervisor or crew leader on site, the Company shall designate one (1) of their number as 'Head Journeyman,' and he shall be paid a the rate of one dollar forty cents ($1.40) more per hour during such period that he is acting in said capacity."  CBA at 21, Art. 15, § 1(a).

> "Selection, promotion, demotion, transfer and/or assignment of Head Journeymen listed in this ARTICLE or elsewhere in this Agreement shall be within the sole discretion of the Company[.]"  CBA at 23, Art. 15, § 6.

> "A grievance … means any dispute involving the proper application or interpretation of this Agreement."  CBA at 25, Art. 16, § 1.

> "The sole function of the arbitrator shall be to determine whether Company or Union is correct with reference to the proper application and interpretation of this Agreement and the arbitrator shall not have any authority to change, amend, modify, supplement, or otherwise alter in any respect whatsoever this Agreement, or any part thereof."  CBA at 27, Art. 16, § 3.

> "[A]n employee shall have the privilege, without loss of seniority, of refusing a job of higher classification[.]"  CBA at 33, Art. 17, § 5.

Michael Washington ("Washington") is an employee of Centerpoint and member of the Local 66.  He held a position described as a "journeyman lineman."  A journeyman lineman is a job classification immediately inferior to a supervisory position described as a "head lineman."

On October 17, 2001, Washington reported to work and was assigned to act as a "head lineman" for that day's shift.  Washington refused the assignment and was sent home, losing four hours of pay.  Consequently, Washington filed a grievance against Centerpoint through Local 66.

Local 66 argued that Washington had the right to refuse the assignment because any employee had "the privilege, without loss of seniority, of refusing a job of higher classification[.]"  CBA at 33, Art. 17, § 5.  Centerpoint asserted that it had the right to promote Washington at its discretion.  CBA at 23, Art. 15, § 6.  Moreover, Counterpoint had the duty to promote someone.  CBA at 21, Art. 15, § 1(a).

In its motion and its complaint, Local 66 argues that the arbitrator exceeded his authority, rendering a decision that departed from the plain language of the CBA.  Local 66 did

not allege any form of fraud or other procedural irregularity. Counterpoint explained the arbitrator's ruling as the mere reconciliation of terms within the CBA.

## II. LEGAL ANALYSIS

### A. A PLAINTIFF STATES A CLAIM IF ANY SET OF FACTS PERMITS RECOVERY.

The Federal Rules of Civil Procedure permit a court to dismiss a plaintiff's case if the plaintiff fails to state a claim upon which relief can be granted. Fed. R.Civ. P. 12(b)(6). A plaintiff's case survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir.1991). "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

Counterpoint does not contest the factual allegations in Local 66's complaint. Both parties agree that the CBA regulates their behavior. They also agree that the arbitrator ruled in favor of Counterpoint and did so for the reasons stated in his award. Although Local 66 alleges that the arbitrator exceeded his authority, whether an arbitrator exceeded his authority is a legal conclusion derived from facts regarding the arbitrator's decision and the terms of the agreement defining the arbitrator's authority. Local 66's allegation is precisely the legal conclusion characterized as a factual dispute that *Fernandez-Montes* allows courts to disregard when deciding a motion to dismiss.

Thus, the parties present this court with a purely legal question: what is the proper legal characterization of the arbitrator's ruling? Local 66 urges this court to characterize the arbitrator's award as a departure from the power granted by the CBA in violation of the provision stating "the arbitrator shall not have any authority to change, amend, modify, supplement, or otherwise alter in any respect whatsoever this Agreement[.]" CBA at 27, Art. 16, § 3. Counterpoint urges this court to characterize the arbitrator's award as a determination of "whether Company or Union is correct with reference to the proper application and interpretation of this Agreement[.]" Id.

### B. ARBITRATION AWARDS RECEIVE SIGNIFICANT DEFERENCE.

Arbitration awards receive significant deference from courts, especially in the context of a collective bargaining agreement. *United Paperworkers Int'l Union, AFL-CIO v. Misco,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the court cannot overturn his decision simply because it disagrees with his factual findings, contract interpretations, or choice of remedies." Id. at 30. In deciding whether the arbitrator exceeded its authority, [courts] resolve all doubts in favor of arbitration." *Executone Info. Sys., Inc. v. Davis,* 26 F.3d 1314, 1320 (5th Cir. 1994).

The facts of cases in which an appellate court vacated arbitration awards provide the best way to plot the points that define the line between an award that departs from the text of the agreement and an award that merely interprets it. For example, the Fifth Circuit overturned an arbitrator's award because an arbitrator awarded three times the amount of damages requested by the parties. *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,* 607 F.2d 649 (5th Cir. 1979). Likewise, when the contract permitted the employer to discharge careless employees, an arbitrator could not reinstate an employee after finding that the employee had

been "grossly careless." *Delta Queen Steamboat Co. v. District 2 Marine Eng'rs Beneficial Ass'n,* 889 F.2d 599 (5th Cir.1989), cert. denied, 498 U.S. 853, 111 S.Ct. 148, 112 L.Ed.2d 114 (1990).

In this case, the CBA grants the arbitrator the power to interpret its terms. CBA at 27, Art. 16, § 3. The arbitrator ruled that Counterpoint could assign Washington the duties of a Head Linesman on a temporary basis because, "[s]election, promotion, … and/or assignment of Head Journeymen … shall be within the sole discretion of the Company[.]" In contrast, an employee's, "privilege … of refusing a job of higher classification" meant the right to refuse only a permanent assignment, not a temporary assignment.

Local 66's complaint argues that the arbitrator's ruling obliterated Art. 17, § 5, thereby modifying the agreement in violation of Art. 16, § 3. However, the arbitrator's ruling merely limited the application of Art. 17, § 5 to permanent assignments, i.e., jobs. Nothing in the agreement states expressly that Art. 17, § 5 applies to temporary assignments.

Even if this court characterized the arbitrator's ruling as actually obliterating Art. 17, § 5, it would still uphold the arbitrator's award. This court may overturn an arbitrator's award only if the agreement provided no basis whatsoever for the arbitrator's award. Even a flimsy or tortured interpretation of the contract provides some basis in the contract and must survive a challenge in the court system.

Here, the arbitrator's award had some basis in the agreement. Specifically, Art. 15, § 6 allows Counterpoint to appoint Head Linesman at its discretion, Art. 15, § 1(a) requires it to do so on a temporary basis under certain conditions, and Art. 16, § 3 requires the arbitrator to interpret the contract. Local 66 never alleged otherwise. It merely alleged that the arbitrator altered the agreement by failing to read Art. 17, § 5 more expansively. Thus, Local 66 has alleged only that the arbitrator departed from how Local 66 understood the express terms of the

CBA. It did not allege any facts supporting the conclusion that the CBA contained no possible basis for the arbitrator's decision.

In fact, if the arbitrator had found in favor of Local 66, then Counterpoint could have alleged that the arbitrator modified the agreement by stripping Art. 15, §§ 1 and 6 of any power just as Local 66 alleged that the arbitrator modified the agreement by stripping Art. 17, § 5 of the power with which Local 66 imbued it. When opposing parties can raise the same species of objection to any interpretation that an arbitrator gives to a contract, the arbitrator's award is probably nothing more than an interpretation of the contract and is not a departure from the express language of the contract.

Because Local 66 did not allege any facts that, if proven, would establish that the arbitrator departed from the essence of the CBA, it has failed to allege facts upon which this court could justify granting relief. Accordingly, the motion by Centerpoint to dismiss for failure to state a claim is GRANTED. Doc. 5.

SIGNED at Houston, Texas, this 1st day of December, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE